# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **LUCY TOLER** | * | **CIVIL ACTION NO. 08-0164** |
| **VERSUS** | * | **JUDGE JAMES** |
| **GREEN TREE SERVICING, L.L.C.** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING AND ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Compel Arbitration and Stay Court Proceedings [doc. # 13] filed by defendant, Green Tree Servicing, L.L.C.[1]  For the reasons assigned below, the motion is **GRANTED**.

## STATEMENT OF FACTS

On January 4, 2008, Lucy Toler filed the above-captioned suit against Green Tree Servicing, L.L.C. ("Green Tree") in the 3rd Judicial District Court for the Parish of Union, State of Louisiana.  Plaintiff alleges that on, or about July 5, 1997, she purchased a manufactured home and financed the entire $ 52,151.58 debt (including finance charges) with Green Tree. (Petition, ¶ 3).  The parties memorialized the financing agreement in a Retail Installment

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Contract ("the Agreement") dated July 5, 1997. *Id.*[2] Plaintiff alleges that on, or around August 1, 2007, Green Tree sent her a contract proposal entitled "Settlement Opportunity." *Id*. at ¶ 5; Pl. Exh. B. Under the terms of the Settlement Opportunity, Green Tree offered plaintiff the opportunity to settle her $ 36,213.19 loan balance for $ 12,674.62. *Id*. The offer further provided that upon receipt and verification of good funds, Green Tree would close Toler's account and report to the credit reporting agencies that her account was paid in full. (Petition, ¶ 6; Pl. Exh. B). On September 28, 2007, plaintiff accepted the terms of the Settlement Opportunity by wiring $ 12,674.62 to Green Tree. (Petition, ¶ 7). Although, Green Tree acknowledged receipt of the wired funds, it refused to implement its side of the bargain because it said that it never sent the offer to Toler. (Petition, Exh. D).[3] Instead, Green Tree applied the $12,674.62 payment to plaintiff's principal balance, and continues to pursue the remaining balance. *Id*.

Plaintiff alleges that Green Tree breached the terms of the Settlement Opportunity and the Agreement, and violated provisions of the Fair Debt Collection Practices Act ("FDCPA").

---

[2] Plaintiff attached a copy of the Agreement to her petition. *Id*. The Agreement states that, if approved, the Agreement would be assigned to BankAmerica Housing Services, A Division of Bank of America, FSB ("Bank of America"). (Petition, Exh. A). In connection with its motion to compel arbitration, Green Tree adduced evidence that on November 1, 1997, Bank of America assigned the Agreement to the First National Bank of Chicago, with Bank of America retaining all servicing rights on the loan. (*See,* Pooling and Servicing Agreement; M/Compel, Exh. 2). Thereafter, on September 30, 1998, Bank of America assigned its servicing rights on the loan to Greenpoint Credit Corp. ("Greenpoint"). (*See* Assignment and Assumption Agreement between BankAmerica and Greenpoint; M/Compel, Exh. 3). Greenpoint, in turn, assigned its servicing rights to Green Tree on November 1, 2004. (*See,* Assignment and Assumption Agreement between Greenpoint and Green Tree; M/Compel, Exh. 4).

[3] Green Tree contends that the letter purportedly sent to Ms. Toler was in fact sent to another Green Tree customer. *Id*. Green Tree alleges that someone altered the letter and inserted Toler's name and account number. *Id*.

(Petition, ¶ 8). Plaintiff seeks a judgment for specific performance of the Settlement Opportunity, plus damages for inconvenience, mental anguish, attorney's fees, and costs. (Petition, Prayer).

On February 5, 2008, Green Tree removed the case to federal court on the basis that plaintiff's claim under the FDCPA arises under federal law and confers subject matter jurisdiction via federal question, 28 U.S.C. § 1331. (Notice of Removal). On June 25, 2008, Green Tree filed the instant motion to compel arbitration and stay court proceedings. No opposition has been filed, and the time for accomplishing same has expired. (*See*, LR.7.5W, and Notice of Setting Motion [doc. # 14]). Accordingly, the motion is deemed unopposed. (Notice of Motion Setting). The matter is now before the court.

## LAW AND ANALYSIS

The decision to compel arbitration is distinct from that to stay the proceedings. Hence, they are considered separately.

### I. ARBITRATION COMPELLED

"The Federal Arbitration Act ("FAA") provides that pre-dispute arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) (quoting 9 U.S.C. § 2). The FAA evinces a strong presumption in favor of arbitration, and the party seeking to invalidate an agreement to arbitrate bears the burden of persuasion. *Id.* (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24, 111 S.Ct. 1647 (1991)). Any doubts regarding the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 941

(1983).

Courts undertake a two-step inquiry when considering motions to compel arbitration. *Washington Mut. Fin. Group v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004). The first step requires a finding that the parties agreed to arbitrate the dispute at issue. *Id.* Second, upon such a finding, the court must consider whether any federal statute or policy renders the claims nonarbitrable. *Id.*

A.     **The Parties in this Case Agreed to Arbitrate the Dispute at Issue.**

This first determination requires two considerations**:** "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996)**.**  However, the courts need not resolve the second consideration when there is "clea[r] and unmistakabl[e]" evidence that the parties agreed to arbitrate arbitrability. *See, Greene v. Chase Manhattan Automotive Finance Corp.,* 2003 WL 22872102 (E.D. La. Dec. 3, 2003); *Webb*, 89 F.3d at 258 n3 (additional, threshold inquiry is whether parties agreed to arbitrate issue of arbitrability itself).  While state law governs the first consideration, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." *Id.* at 258.

Here, it is undisputed that plaintiff agreed to arbitrate any disputes arising out of or related to the Agreement.  The relevant portions of the Agreement provide that

> [a]ny controversy or claim between or among you and me or our assignees arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort, shall be, if requested by either you or me, be determined by arbitration…A claim involving only a

4

single claimant…shall be determined by arbitration as described below… (Petition, Exh. A).[4]

The arbitration clause further states,

> **b. Arbitration.** Since this Contract touches and concerns interstate commerce, an arbitration under this Contract shall be conducted in accordance with the United States Arbitration Act (Title 9, United States Code), notwithstanding any choice of law provision in this Contract. The Commercial Rules of the American Arbitration Association ("AAA") shall also apply. The arbitrator shall follow the law and shall give effect to statutes of limitation in determining any claim. **Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator(s).** The award of the arbitrator(s) shall be in writing and include a statement of reasons for the award. The award shall be final. Judgment upon the award may be entered in any court having jurisdiction, and no challenge to entry of judgment upon the award shall be entertained except as provided by Section 10 of the United States Arbitration Act or upon a finding of manifest injustice.

*Id*. (emphasis added).

The Agreement emphasizes immediately above the signature line that :

> **YOU AND I HAVE READ AND FULLY UNDERSTAND THIS CONTRACT, INCLUDING THE PARAGRAPH CALLING FOR RESOLVING DISPUTES BY ARBITRATION, REFERENCE, OR TRIAL BY A JUDGE, AND NOT BY JURY TRIAL, AND AGREE THAT THIS CONTRACT SETS FORTH OUR ENTIRE AGREEMENT AND THAT NO OTHER PROMISES HAVE BEEN MADE**

*Id*. (emphasis in original).

Under Louisiana law,[5] there are four essential elements to a valid contract: 1) the parties must possess the capacity to contract; 2) the parties must freely give their mutual consent to the contract; 3) there must be a certain and lawful object for the contract; and

---

[4] Green Tree is an assignee under the Agreement. Plaintiff does not challenge Green Tree's right to enforce arbitration under the Agreement.

[5] The Agreement states that it shall be construed in accordance with, and governed by the laws of the State of Louisiana. (Agreement; Petition, Exh. A).

4) there must be lawful cause for the contract. *See Greene, supra* (citing La. Civ. Code Arts. 1918, 1927, 1971, & 1966). Neither side contests that the Agreement, with its arbitration provisions, meets the requirements for a valid contract under Louisiana law. Moreover, there is no dispute that the parties clearly and unmistakably agreed to arbitrate arbitrability. Accordingly, it devolves upon the arbitrator to determine whether the scope of plaintiff's claims falls within the arbitration provisions of the Agreement. *Greene, supra*.

As to the second inquiry, the parties have not pointed to any statute or policy that would render the claims nonarbitrable, nor is this court aware of any. Under these circumstances, the court need not conduct the second step of the analysis. *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006). Consequently, the court finds that defendant has satisfied the requirements to compel arbitration of this matter.

## II.   PROCEEDINGS STAYED

Once the court determines that the issues in a case are within the reach of an arbitration agreement, the FAA mandates that the legal proceedings be stayed. *Folse v. Richard Wolf Medical Instruments Corp.*, 56 F.3d 603, 605 -606 (5th Cir. 1995) (citing 9 U.S.C. § 3).

For the reasons set forth above,

The motion to compel arbitration and stay court proceedings [doc. # 13] filed by defendant, Green Tree Servicing, L.L.C. is hereby **GRANTED. The parties shall arbitrate the claims at issue here; the matter is STAYED in its entirety pending the outcome of arbitration proceedings**.

IT IS SO ORDERED.

THUS DONE AND SIGNED this 24th day of July 2008, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE